ANDERSON
vs.
ANDERSON.

---

## Anderson vs. Anderson.

Case 16.

18m 95
98 568

### APPEAL FROM LINCOLN CIRCUIT.

Pet. Eq.

1. The power of the circuit court to reverse its own judgments, after the expiration of the term at which they are rendered, and award new trials, is confined strictly to the cases, and for the causes alone designated in the 12th chapter, sections 574 to 585 of the Code of Practice.

2. That there was no allegation in the petition, proof, or exhibits, to sustain the judgment, is not one of the grounds enumerated in the Code of Practice authorizing the circuit court to reverse its own judgment.

[The opinion of the court shows the questions presented for adjudication.]  Rep.

*J. H. Owsley* for appellant—

It is clearly deducible, from the language employed in the Code of Practice, *chapter* 12, *sections* 574 to 585, that the court of appeals alone has power to re-

verse judgments of the circuit court in all cases, except those expressly enumerated in these sections and sub-sections.

The petition in this case does not aver the discovery of new testimony, nor that the defendant was constructively served with process, nor any clerical misprision, nor any other of the grounds specified in the Code of Practice. The judgment does not set out the establishment of any one of the grounds mentioned in the Code as grounds for the judgment.

The court does not decide, as required by the express language of the Code, (*section* 582,) that there is any valid defense to the original action.

*Burton & Hill* for appellees—

1. The paper purporting to be an article of agreement for the final separation of the appellee and the appellant is no where set up and exhibited in the pleadings in the suit, for alimony and divorce, in which the judgment is sought to be reversed, nor in any of the pleadings of said suit; by that judgment a considerable property, real and personal, was disposed of.

2. If the paper referred to had been properly exhibited in the pleadings no decree could have been properly rendered upon it. (*See Kent. Com. side page* 136, *and authorities there cited*; *McCrocklin vs McCrocklin*, 2 *B. Monroe*, 270.)

3. It was error to divorce the parties *a mensa* without proof. (*Rev. Stat. art.* 3, *sec.* 3.)

4. It was error to render judgment on the $460 note on the same day the writ was served.

5. It was error to decree the payment of money by appellee without proof that he had money.

6. It was error to vest the legal title with the right of inheritance in the appellant, in the 147 acres of land of the appellee. The decree in favor of the wife should not have been for any thing more than a portion of the profits of the land, during the lifetime of the wife.

The judgment appealed from is not final, and therefore the appeal should be dismissed.

ANDERSON
*vs.*
ANDERSON.

Judge STITES, delivered the opinion of the court.

June 11, 1857.

This was a petition for a new trial, and the vacation of a judgment for errors apparent upon the record, brought after the expiration of the term at which the judgment was rendered

The case was heard upon the pleadings, and the relief prayed for granted, and from that judgment the defendant has appealed.

The sole question raised is, whether the circuit court, after the expiration of the term at which the original judgment was rendered, had the power to vacate and set it aside upon the grounds presented by the petition.

This can only be decided by reference to the provisions of the Civil Code on that subject, for although prior to its adoption, any substantial error prejudicial to the party complaining, and apparent upon the record, was deemed sufficient for a bill of review, it has prescribed what description of errors may be revised by the circuit court, and thus restricted its revisory jurisdiction to such cases; and, unless the errors complained of in the petition come within the class subject to the revision of the circuit court, the judgment cannot be upheld.

1. The power of the circuit court to reverse its own judgments, after the expiration of the term at which they are rendered, and award new trials, is confined strictly to the cases, and for the causes alone designated in the 12th *chapter, sections 574 to 585 of the Code of Practice.*

The time, manner, and grounds, upon which judgments and final orders are to be reversed, vacated, or modified, are prescribed in *title* 12, and in sections from 574 to 585 inclusive.

*Section* 574 provides, that "a judgment rendered or ' final order made in the circuit court may be revers- ' ed, vacated, or modified either by the court of ap- ' peals, or by the court in which the judgment was ' rendered or order made."

*Section* 575, that "a judgment or final order may be ' reversed or modified by the court of appeals for er- ' rors appearing in the record."

VOL. XVIII.    7

*Section* 579, that "the court in which a judgment or 'final order has been rendered or made, shall have ' power, *after the expiration of the term*, to vacate or ' modify such judgment or order—1. By granting a ' new trial for the cause and in the manner prescribed ' in *section* 373. 2. By a new trial granted in proceed-'ings against defendants constructively summoned, ' as prescribed in *chapter* 1, *title* 10. 3. For mispris-' ions of the clerk. 4. For fraud practised by the suc-' cessful party in the obtaining of the judgment or ' order. 5. For erroneous proceedings against an in-' fant, married woman, or person of unsound mind, ' where the condition of such defendant does not ap-' pear in the record, nor the error in the proceedings. ' 6. For the death of one of the parties before the ' judgment in the action. 7. For unavoidable casu-' ality or misfortune preventing the party from ap-' pearing or defending. 8. For errors in a judgment ' shown by an infant in twelve months after arriv-' ing at full age, as prescribed in *section* 421."

The grounds relied on in the petition are, substan-

2. That there was no allega-tion in the peti-tion, proof, or exhibits, to sus-tain the judg-ment, is not one of the grounds enumerated in the Code of Practice author-izing the circuit court to reverse its own judg-ment.

tially, that there was no allegation in the petition, or exhibit or proof in the cause, to uphold the judgment vacated; that it was irregular and unauthorized by law, and, having been rendered without allegation or proof to support it, was erroneous if not void. There was no effort to bring the case within any of the provisions enumerated in the section recited; and the parties seem to rely mainly, if not altogether, upon the general revisory power of the circuit court in such cases, as recognized prior to the adoption of the Code. This, as has been stated, is restricted by the provisions of the Code, *supra*, and the circuit court, cannot, after the expiration of the term at which a final order or judgment is entered, vacate, modifiy, or reverse such judgment or order, except upon the grounds enumerated in *section* 579.

The remedy is by appeal to this court where, as in this case, the grounds relied on are errors apparent in the record, but not of that character to be cor-

rected by the circuit court after the expiration of the term when the judgment is entered.

The judgment appealed from is not interlocutory as has been suggested. It not only affords the relief sought by the petition but perpetuates the injunction against the previous judgment, and so far is final.

The judgment is *reversed* and cause remanded with directions to dismiss the petition and dissolve the injunction with damages.